# Supreme Court Decisions.

## INJURY RESULTING FROM BILLBOARD BLOWN UPON STREET.

### THE CITY OF FREMONT, OHIO, v. DUNLAP.

#### 69 Ohio State—Decided, December 8, 1903.

*Billboard in Alley Blown upon Street—Plaintiff Damaged—Failure to Show Actual Notice to City—Accident Improbable from Municipal Conditions—Error to Refuse Request of Defendant for Verdict—Municipal Law—Personal Injury—Court Procedure.*

Where the plaintiff in an action against a municipal corporation for an injury which the plaintiff received from a billboard which was blown out of an alley upon the street by wind striking him, fails to show that actual notice to the corporation of the existence and position of the billboard and its dangerous character, and when it appears that under ordinary circumstances such an accident was improbable and could not with reasonable care have been foreseen, and where it also appears that the street upon which the plaintiff was injured was open, in repair and free from nuisance, the material facts in the case not being in dispute, it is error to refuse a request by the defendant to instruct the jury to bring in a verdict for the defendant.

Error to the Circuit Court of Sandusky County.

Defendant in error instituted this action by filing a petition in the court of common pleas, setting forth that the plaintiff in error is a municipal corporation duly organized under the laws of the state of Ohio; that about ten months before the injury complained of occurred certain persons, whose names are unknown to the defendant in error, erected a billboard for posting notices and advertisements, on the west side of a certain alley leading from Front street to Arch street, and near to the west line of Front street where the alley intersects with Front street; that the street and sidewalk along the west side of Front street is much traveled upon; that the billboard so

erected was about seven feet high and eight feet wide, and was so constructed as to be a nuisance and hindrance in and to the alley, and dangerous to persons passing along the sidewalk on the west side of Front street; and said billboard was not fastened, being negligently, carelessly, and insufficiently set up, and not properly fastened or stayed; that the officers and councilmen of the city knew that the billboard was so wrongfully placed, and negligently suffered and permitted it, as aforesaid, to remain for a long space of time, to-wit, for ten months or more; and that by the exercise of ordinary care they should have known and, in fact, did know all of the facts aforesaid. It is further averred in the petition that on September 24, 1899, in the night of said day, the defendant in error was passing along said sidewalk on Front street when he came to the point where said alley intersects with Front street, and while using due care on his part the billboard fell upon the plaintiff crushing him to the stone pavement and sidewalk, and injured him. For all of which he claims a judgment against the city in the sum of $15,000.

There was a demurrer to the petition, which was overruled in the court of common pleas. The city answered, denying each and every allegation in the petition except that it is a municipal corporation as alleged, and that the sidewalk on the west side of Front street is much traveled upon.

At the close of plaintiff's evidence the defendant's counsel moved the court to arrest the testimony from the jury and to instruct the jury to return a verdict for the defendant, which motion was overruled and defendant excepted. The motion was renewed at the close of all of the evidence, and was again overruled and the same exception taken. Verdict was rendered in favor of the defendant in error, and judgment was entered thereon after overruling a motion for a new trial in the court of common pleas. On petition in error in the circuit court the judgment was affirmed.

*A. E. Culbert,* City Solicitor, and *James Hunt,* for plaintiff in error.

*Garver, Garver & Garver* and *Finefrock & Garver,* for defendants in error.

DAVIS, J.; BURKET, C. J., SHAUCK and CREW, JJ., concur.

In this case the question is raised on the record and argued, that the city, if it failed at all in its duty, merely failed to exercise a governmental power or duty, and that for such failure it is not liable under any circumstances. But assuming for the purposes of this case that the city might be liable for an injury resulting from the alleged nonfeasance, still it could not be held liable before reasonable notice of the unsafe condition of the street had been brought home to the corporation (*Circleville* v. *Sohn,* 59 Ohio St., 285). It does not appear that actual notice was given to this corporation or its officers; but it is claimed that under the circumstances the city ought to have known that the billboard was dangerous and threatening to people passing along the street, and therefore that the city is chargeable with constructive notice of the alleged nuisance. In those jurisdictions where municipal corporations are held liable to individuals for negligence in respect to keeping its streets open, in repair and free from nuisance, it is held that while the corporation is not an insurer of the safety of its streets, alleys and sidewalks, it will be held liable for injuries to persons resulting from neglect of the corporation to keep its ways in a reasonably safe condition for travel in the ordinary modes under ordinary circumstances. In *Chase* v. *Cleveland,* 44 Ohio St., 505, it is said in the opinion:

"We do not understand that a city is bound at all hazards to have knowledge of defects in sidewalks. Municipal corporations are not insurers of the safety of their public ways, or of the lives and limbs of pedestrians. The law provides that such corporations shall have the care, supervision and control of the streets, and shall cause them to be kept open and in repair, and free from nuisance. This requires a reasonable vigilance, in view of all the surroundings, and does not exact that which is impracticable. When the authorities have done that which is reasonable in this regard they have discharged the entire obligation imposed by the law. They are not bound to use all possible vigilance in inspection or in obtaining information."

Also in *Village* v. *Kallagher,* 52 Ohio St., 183, it is held that a municipal corporation "is not bound to anticipate improbable or unprecedented events and provide against their possible results."

Under the law as thus stated, and upon the undisputed facts of this case, we do not think that the defendant in error has shown a right to recover against the plaintiff in error. It is not claimed that the city had actual knowledge of the existence of the billboard and of the danger to the public therefrom. Constructive notice is claimed from the fact that it was loose and stood leaning against a building, in an alley and near to the street. If it stood there six or eight months, as claimed by the defendant in error, it does not appear to have been such a permanent inconvenience or obstruction, or that it was such a threatening danger as to have attracted much; if any, attention, or to have caused any alarm, or to have induced any complaint to the officers of the city. It is perfectly plain that under ordinary circumstances it was not dangerous, nor in any serious sense an obstruction. If the billboard was as large and heavy as the plaintiff claims, it could not have been expected to be thrown out into the street with the force and violence claimed by a light breeze or any ordinary wind. The city was not bound to interfere with private rights to prevent an "improbable" result, or one which in ordinary experience might not have been foreseen. In short, upon the undisputed facts, it is palpable that the city was not guilty of want of ordinary care.

The judgment of the circuit court and that of the court of common pleas are

*Reversed and judgment for plaintiff in error.*